## PRIEST v. PRICE.

### December, 1866.

Where a third person receives money due from a debtor to his creditor, and does not pay it over to the creditor, in consequence of which the creditor sues his debtor and recovers his demand, the debtor may sue such third person to recover back the former payment.

Albert Priest sued Rodman M. Price, in the supreme court, for money received under the following facts:

Ambrose Lanfear was the owner, by assignment from Ward & Price, of the following instrument:

"Exchange for $5,000$\frac{00}{100}$.      New York, October 9, 1859.

"Thirty days after sight of this first of Exchange (second and third unpaid), pay to the order of Messrs. Ward & Price $5,000, payable in gold-dust at $16 pr. ounce, value received, and charge the same to account

(Signed)      "ALBERT PRIEST.

"To Henry Naglee, Esq.,
      "San Francisco, California."

At maturity it was presented to the drawee and payment refused, and was protested, and notice thereof was given to the drawer, the present plaintiff.

Plaintiff subsequently paid over three thousand dollars of the amount.

On or about September 27, 1851, defendant applied to plaintiff's agent at San Francisco, and demanded payment of the

balance, representing that he was the holder of the draft and entitled to it; plaintiff, in ignorance of the fact that it had been transferred to Lanfear, and, relying upon said representation, paid him the balance; and the defendant retained the same in his hands. Subsequently Lanfear sued the plaintiff on the draft and recovered the balance of him.

*The referee* found these facts, and held that the plaintiff was entitled to recover back what he had paid to the defendant.

*Cummins, Alexander & Green,* attorneys for defendant, appellant;—Cited *Story on Bills of Exch.* § 48; *Chit. on Bills,* §§ 132, 138; Cook *v.* Satterlee, 6 *Cow.* 108; Farrell *v.* Hennett, 7 *Mo.* 595; Hawkins *v.* Watkins, 5 *Pike,* 481; Bradley *v.* Morris, 3 *Scam.* 182; Harker *v.* Anderson, 21 *Wend.* 372; Owen *v.* Lavine, 14 *Ark.* (1 *Ber.*) 389; Milamourer *v.* Adams, 8 *Eng.* (13 *Ark.*) 12.

*Henry A. Cram* and *E. R. Robinson,* for plaintiff, respondent;—Cited McNeilly *v.* Richardson, 4 *Cow.* 607; Hoyt *v.* Wilkinson, 10 *Pick.* 31; Longfellow *v.* Andrews, 45 *Me.* 75.

BY THE COURT.—MORGAN, J.—Upon the undisputed facts of this case, the defendant, not being the owner of the demand, received of the plaintiff the balance appearing to be due upon the instrument set forth in the complaint, without any right unless he was the agent of the owner, and if he was such agent he received it without paying it over to the owner, as it was his duty to do, in consequence of which Lanfear, the owner, brought an action against the plaintiff and recovered the same balance of him. There is no equity in the defense, and no principle of law upon which the defendant can be allowed to retain the money. . . . .

Whether the instrument was negotiable or not, it was the subject of a transfer by sale to Lanfear, and entitled him to the money due upon it. The payees had no more right to collect it for themselves after the transfer, than they would have had if it had been a regular bill of exchange. The question raised by the exception is wholly immaterial.

[Remarks disposing of immaterial exceptions are omitted.]

All the judges concurred.

Judgment affirmed, with costs, and ten per cent. damages.